# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2026

Lyle W. Cayce
Clerk

————————

No. 26-60036
Summary Calendar

————————

Hector Mauricio Rivera-Carpio,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 020 590

———————————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Hector Mauricio Rivera-Carpio, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the BIA's decision and consider the IJ's decision only to the extent

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Given the BIA's affirmance of the IJ's order, we may consider both decisions. *Id.*

Based on our review of the IJ's order, including the addendum attached thereto, and the BIA's decision, we are satisfied that the agency adequately considered whether Rivera-Carpio's fear of future persecution was objectively reasonable under *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). *See L.N. v. Garland*, 109 F.4th 389, 396 (5th Cir. 2024). Further, the agency's finding that the gang Rivera-Carpio feared did not possess a current inclination to persecute him is supported by substantial evidence. *See Zhao*, 404 F.3d at 307; *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). None of Rivera-Carpio's family members, including his grandmother and aunt, who continue to reside in El Salvador, were threatened or harmed after he fled to the United States. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021). Further, the gang ceased looking for Rivera-Carpio after realizing that he fled the country. *See Rangel v. Garland*, 100 F.4th 599, 608-09 (5th Cir. 2024).

Because Rivera-Carpio fails to show that the evidence compels a conclusion contrary to the agency's finding that the gang he feared did not have current inclination to persecute him and its concomitant denial of asylum or withholding of removal, we need not consider his remaining arguments as to these forms of relief, including his challenge to the agency's finding that he failed to establish the requisite nexus between the harms he fears and his proposed particular social groups. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Regarding CAT relief, Rivera-Carpio was not previously tortured, as he claims, because the harms inflicted on him did not even rise to the level of persecution, and it "follows *a fortiori* they do not constitute torture." *Qorane*

*v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Also, notwithstanding his assertions to the contrary, Salvadoran authorities investigated the crimes that he, his father, and his late cousin's wife reported to them. That the police never arrested anyone does not militate in favor of CAT relief because "a government's inability to protect its citizens does not amount to acquiescence." *Id*. Further, Rivera-Carpio's reliance on country conditions evidence is unavailing because generalized country evidence says little about the likelihood that state actors will torture any particular person, including Rivera-Carpio. *See id*.

In light of the foregoing, Rivera-Carpio fails to show that the evidence compels the conclusion that it is more likely than not that he would be tortured by or with the complicity of the Salvadoran government or individuals acting in an official capacity. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019); *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019).

The petition for review is DENIED.